FILED'08 MAR 04 0753USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELISSA J. TORRES,                          Civ. No. 07-6119-AA

            Plaintiff,                      OPINION AND ORDER

      v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.
_____

Kathryn Tassinari
Robert Baron
Harder, Wells, Baron & Manning, P.C.
474 Willamette Street, Suite 200
Eugene, OR 97401
      Attorneys for plaintiff

Karen J. Immergut
United States Attorney
Brittania I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

David F. Morado
Regional Chief Counsel
David M. Blume
Special Assistant U.S. Attorney
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
      Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

BACKGROUND

On October 31, 2003, plaintiff Melissa Torres filed an application for SSI benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, with an alleged onset date of June 1, 2003. Tr. 12. Her application was denied on February 5, 2004, and again on reconsideration on April 20, 2004. Id. Plaintiff did not appeal the denial before an Administrative Law Judge ("ALJ"). Id.

On March 18, 2005, plaintiff filed a new application for SSI benefits, also with an alleged onset date of June 1, 2003. Tr. 55. The application was denied on May 11, 2005, and again on reconsideration on August 25, 2005. Tr. 12. On October 12, 2005, plaintiff filed a timely written request for a hearing before an ALJ. Tr. 24. On September 19, 2006, a hearing was held at which plaintiff, represented by her attorney, testified, along with plaintiff's mother and a vocational expert. Tr. 256-304. The ALJ

issued a decision on October 27, 2006, finding that plaintiff was
not disabled.    Tr. 9.    The Appeals Council denied plaintiff's
request for review on March 30, 2007, and the ALJ's decision became
the final agency decision.    Tr. 4.    On May 21, 2007, plaintiff
filed her complaint for judicial review of the Commissioner's
denial of benefits.

Plaintiff was twenty-five years old at the time of the
administrative hearing.    Tr. 259.    She is a high school graduate
with experience in childcare.    Tr. 259-63.    Her alleged disability
is due to depression and social anxiety, which, she claims, prevent
her from interacting with supervisors and co-workers to such an
extent that she cannot function in any workplace.

<u>STANDARD OF REVIEW</u>

This court must affirm the Commissioner's decision if it is
based on proper legal standards, and the findings are supported by
substantial evidence in the record.    <u>Hammock v. Bowen</u>, 879 F.2d
498, 501 (9th Cir. 1989).    Substantial evidence is "more than a
mere scintilla.    It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."    <u>Richardson
v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison
Co. v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938)).    The court must weigh
"both the evidence that supports and detracts from the
[Commissioner]'s conclusions."    <u>Martinez v. Heckler</u>, 807 F.2d 771,
772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health and Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

<u>COMMISSIONER'S DECISION</u>

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments

meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

Here, at step one the ALJ found that plaintiff had "not engaged in substantial gainful activity (SGA) since June 1, 2003, the alleged onset date." Tr. 15; see 20 C.F.R. §§ 416.920(b) and 416.971 et seq. However, the ALJ noted that plaintiff cared for her siblings and cousins. Tr. 16. This childcare experience was "work-like activit[y] equivalent to substantial gainful activity, or near-SGA." Tr. 15.

At step two, the ALJ found that plaintiff had the severe impairments of dependent personality disorder, depressive disorder (responsive to medications), and social anxiety disorder. Tr. 15; see 20 C.F.R. § 416.920(c). At step three, the ALJ found that these impairments were not sufficiently acute to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15; see 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

At step four, the ALJ found that plaintiff had "the residual functional capacity to perform work in which there is no

interaction with the general public, and limited interaction with co-workers; she should not have detailed instructions, or perform detailed tasks." Tr. 15. The ALJ noted that plaintiff had "responded well to treatment," had not adequately explained why she stopped treatment, and that even when plaintiff was not receiving treatment, her functioning had "not been acutely impaired." Tr. 16. Specifically, according to the ALJ, plaintiff's caring for her siblings or cousins "if paid...could constitute substantial or gainful work." Id.

At step five, the burden shifts to the Commissioner to establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. § 404.1520(e) and (f). Relying on the testimony of the vocational expert, the ALJ found that plaintiff had the ability to work as a garment sorter, food products sorter, and housekeeper — jobs that exist in significant numbers in the national economy. Tr. 20-21. In light of plaintiff's age, education, work experience, and RFC, the ALJ concluded that plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Tr. 21. Accordingly, the ALJ determined that plaintiff had not been under a "disability," as defined in the Act, at any time through the date of the decision. Tr. 21; see 20 C.F.R. § 416.920(g).

///

DISCUSSION

Plaintiff argues that the Commissioner's decision must be reversed and remanded for an award of benefits, because the ALJ's RFC determination is not supported by substantial evidence in the record.  Plaintiff's overarching argument is that the Commissioner did not meet his burden of proving that plaintiff retains the RFC to perform other work in the national economy.  The Commissioner bears this burden because the ALJ found that plaintiff had no relevant past work experience.  Tr. 21; Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999).

To meet the Commissioner's burden, the ALJ may elicit the testimony from a vocational expert, but the hypothetical posed to the vocational expert must consider all of plaintiff's limitations that are supported by substantial evidence in the record.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2005).  At the hearing, the ALJ told the vocational expert:

> I'm going to give you a hypothetical of an individual
> 25 years of age, with a high school education, past
> work, we don't have any that's been documented.  It
> does look like she was providing babysitting at close
> to, if not, SGA.  She should have no exertional
> limitations.  There should be no interaction with the
> general public.  Only limited interaction with
> coworkers and she should have no detail tasks or
> instructions.

Tr. 300.  Plaintiff alleges that the ALJ's hypothetical was incomplete and did not reflect plaintiff's true limitations.

First, plaintiff argues that the ALJ erred in "failing to

7 - OPINION AND ORDER

consider [treating nurse practitioner Linda] Donelson's opinion and her observations." Plaintiff's Brief, at p.15. In May 2002, Ms. Donelson assigned plaintiff a global assessment of functioning ("GAF") of 35. Tr. 254. The ALJ found that Ms. Donelson's GAF score was inconsistent with plaintiff's activities as reflected in the record. Tr. 16. Plaintiff disagrees, and cites the similarity of the impairments identified by Ms. Donelson (and others) to the GAF-35 description in Diagnostic and Statistical Manual of Mental Disorder, 4th Ed.

I find no legal error. The ALJ did consider Ms. Donelson's GAF estimation as well as her observations, yet discounted them for various reasons. Tr. 16-17. The ALJ reasoned that Ms. Donelson's May 2002 examination occurred when plaintiff was not receiving therapy or medication, whereas the record showed that, subsequently, plaintiff significantly improved following medication and treatment. Tr. 16, 204, 228, 236, 240. See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

The ALJ considered the entire record, including plaintiff's documented periods of improvement in 2003 and 2004. See Tr. 17, 236. The ALJ placed greater emphasis on the subsequent reports of plaintiff's employment coordinator, Raejean Steele, as well as the

8 - OPINION AND ORDER

reports of three psychologists: Drs. Bieckle, Hennings, and Lahman. As the ALJ explained, the three psychologists later found plaintiff to be "far less impaired" following treatment than she had been when examined by Ms. Donelson in May 2002. Tr. 16, 204, 228, 230. Indeed, in June 2005, Dr. Beickel assigned plaintiff a GAF of 50-55. Tr. 18, 204. Therefore, I find no legal error in the ALJ's assessment of Ms. Donelson's opinion.

Second, plaintiff argues that the ALJ did not give proper consideration to the opinion of Dr. Beickel, the examining psychologist. Plaintiff alleges that the ALJ rejected Dr. Beickel's opinion regarding plaintiff's functional abilities in favor of the more optimistic assessments by Drs. Hennings and Lahman, the reviewing agency psychologists. Dr. Hennings found that plaintiff had only moderate limitations in social functioning, while Dr. Lahman concluded that plaintiff "could in fact adequately adapt" to some workplace environment. Tr. 18.

Again, I find no legal error. "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d

947, 957 (9th Cir. 2002).  Here, these standards were met.

The ALJ reasoned that plaintiff's functional abilities and limitations were "most accurately reflected" in the findings of Dr. Hennings, as well as Dr. Lahman.  Tr. 18.  The findings of Drs. Hennings and Lahman were consistent with, and supported by, other evidence in the record.  Such evidence includes plaintiff's ability to graduate from high school on time with good grades despite her anxiety and depression, her subsequent experience at college, and her ability to care for her autistic brother.  Tr. 18, 259-63. Indeed, unlike Dr. Beickel, both psychologists had plaintiff's record available to them when they made their findings.  Tr. 199 ("No other information was provided for use in [Dr. Beickel's] evaluation" except for the "ninety minute clinical interview."). The ALJ specifically discussed the support for Dr. Hennings' evaluation in the record.  Tr. 18.

In addition, the ALJ noted that Dr. Beickel's examination occurred when plaintiff was not using any medication; indeed, Dr. Beickel recommended psychotropic drugs and therapy.  Tr. 17-18. As with the report of the nurse practitioner, the ALJ found that plaintiff's condition improved following recommended treatments. Tr. 16, 236; see Warre, 439 F.3d at 1006.  Finally, Dr. Beickel prefaced her report by noting that her evaluations, diagnoses, and recommendations "should be considered in light of other available and pertinent information."  Tr. 199.  The ALJ did so, and I find

no legal error in her rejection of parts of Dr. Beickel's opinion.

Third, plaintiff argues that the ALJ did not give proper consideration to the testimony of plaintiff's mother, which plaintiff alleges showed that she cannot respond adequately to supervision. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); C.F.R. § 416.913(d)(4).

The ALJ met this standard. After noting that the mother's testimony was "not consistent with other portions of the record," the ALJ specified why: plaintiff cared for two children in her family, one of whom is autistic; plaintiff was punctual for her job trial at the optical shop in April—May 2004; and plaintiff performed well in high school. Tr. 20, 131-32, 260, 267. Each of these reasons is germane as to why the ALJ exercised her discretion in rejecting the testimony of plaintiff's mother.

Fourth, plaintiff argues that the ALJ failed to consider the full work evaluation by Raejean Steele, the employment coordinator, which allegedly revealed plaintiff's crippling social anxiety. According to plaintiff, the ALJ should have incorporated into the RFC assessment "all of the limitations" identified in Ms. Steele's report. Plaintiff's Brief, at p.19.

Again, I do not find legal error. While the employment

11 — OPINION AND ORDER

coordinator's report detailed plaintiff's numerous limitations in a workplace environment, it also noted causes, albeit limited in scope, for optimism. For example, the report conceded that plaintiff "would obviously do fine" in a job with no social contact or supervisory interaction, and that plaintiff "may relax" if paired with understanding colleagues and supervisors. Tr. 134. More importantly, as the ALJ discussed, Ms. Steele concluded that "mental health management" would help integrate plaintiff into a work setting. Tr. 17, 135. As noted by the ALJ, plaintiff's pursuit of such treatment was inadequate, and when she had taken medication her response had been positive. Tr. 17, 19, 236. Hence, although sections of Ms. Steele's report certainly support plaintiff's claims, the ALJ had no duty to interpret the full report in the manner that plaintiff seeks. See Burch, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Finally, plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting plaintiff's own testimony. The ALJ dismissed plaintiff's explanations for not pursuing paid employment, available treatment, and medication. In particular, plaintiff alleges that the ALJ improperly emphasized plaintiff's lack of effort to obtain treatment and medication because the record establishes that she could not afford it. See Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999)

("we have proscribed the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it").

"If the ALJ finds that claimant's testimony as to the severity of her...impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958. The ALJ satisfied this standard. The ALJ noted that "[s]pecific elements of the testimony of the claimant...are not consistent with other portions of the record." Tr. 19. As the ALJ made clear, plaintiff's testimony that her alleged disability prevents her from working was undermined by her ability to perform childcare for family members. Tr. 19, 266-67. Regarding plaintiff's lack of employment, the ALJ reasoned:

> The claimant's testimony indicates that, in effect, she has been performing work on a full time basis, caring for her siblings. Had the claimant performed such work for strangers instead of family members, her activity would have constituted substantial gainful activity at the current minimum wage.

Tr. 18.

Further, the ALJ noted that plaintiff "has not provided adequate explanations for why she is not currently receiving treatment." Tr. 16. Regarding plaintiff's ability to obtain treatment and medication, the ALJ highlighted that plaintiff's vocational rehabilitation counselor, Judy Neal, offered plaintiff

13 - OPINION AND ORDER

financial assistance and provided a mentor to assist with the Oregon Health Plan paperwork in mid-2004. Tr. 19, 160. Plaintiff did not take advantage of this support, and admitted that she had not obtained any treatment since January 2004 and that she had not pursued other sources of medication available to indigent persons. Tr. 19, 269. The ALJ also cited plaintiff's lack of cooperation regarding Ms. Neal's efforts at vocational rehabilitation. Tr. 19, 160. In sum, the ALJ's credibility determination was sufficiently specific and was supported by substantial evidence in the record indicating that she took few steps to pursue alternative sources of employment, medication, and treatment.

Accordingly, the ALJ acted within her discretion in evaluating the medical and lay evidence, and did not err in finding that plaintiff was not disabled under the Act.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is based on proper legal standards and supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this _2_ day of ~~February~~ *March*, 2008.


_____
Ann Aiken
United States District Judge


14 - OPINION AND ORDER